1

2

3

4

5

6

7

8                                   UNITED STATES DISTRICT COURT

9                               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL ARTHUR MORROW,                        No.  2:16-cv-0395 TLN DB PS

12                   Plaintiff,

13        v.                                        ORDER

14   DEA OF SACRAMENTO,

15

16                   Defendant.

17          Plaintiff, Michael Morrow, is proceeding in this action pro se.  This matter was referred to

18   the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

19   before the court is plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28

20   U.S.C. § 1915.  (ECF Nos. 1 & 3.)  For the reasons stated below, plaintiff's complaint will be

21   dismissed with leave to amend.

22          In this regard, plaintiff's in forma pauperis application makes the showing required by 28

23   U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma

24   pauperis status does not complete the inquiry required by the statute.  "'A district court may deny

25   leave to proceed in forma pauperis at the outset if it appears from the face of the proposed

26   complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d

27   1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th

28   Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th

                                                   1

1   Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed

2   IFP because it appears from the face of the amended complaint that McGee's action is frivolous

3   or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the

4   District Court to examine any application for leave to proceed in forma pauperis to determine

5   whether the proposed proceeding has merit and if it appears that the proceeding is without merit,

6   the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

7        Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of

8   poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to

9   state a claim on which relief may be granted, or seeks monetary relief against an immune

10  defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an

11  arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.

12  Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a

13  complaint as frivolous where it is based on an indisputably meritless legal theory or where the

14  factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

15       To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

16  state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

17  570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

18  true the material allegations in the complaint and construes the allegations in the light most

19  favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

20  Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

21  (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

22  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

23  conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

24  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

25       The minimum requirements for a civil complaint in federal court are as follows:

26            A pleading which sets forth a claim for relief . . . shall contain (1) a
              short and plain statement of the grounds upon which the court's
27            jurisdiction depends . . . , (2) a short and plain statement of the
              claim showing that the pleader is entitled to relief, and (3) a demand
28            for judgment for the relief the pleader seeks.

2

1   FED. R. CIV. P. 8(a).

2          Moreover, jurisdiction is a threshold inquiry that must precede the adjudication of any

3   case before the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of

4   Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited

5   jurisdiction and may adjudicate only those cases authorized by federal law.  Kokkonen v.

6   Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37

7   (1992).  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears

8   affirmatively from the record.'"  Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting

9   Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

10         Lack of subject matter jurisdiction may be raised by the court at any time during the

11   proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir.

12   1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it] has

13   subject-matter jurisdiction."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is the

14   obligation of the district court "to be alert to jurisdictional requirements."  Grupo Dataflux v.

15   Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court

16   cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.

17         The burden of establishing jurisdiction rests upon plaintiff as the party asserting

18   jurisdiction.  Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974)

19   (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,

20   implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy

21   within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946)

22   (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly

23   insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of

24   jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even

25   "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction

26   . . . and may be dismissed sua sponte before service of process.").

27         Here, plaintiff's complaint fails to contain a short and plain statement of the grounds upon

28   which the court's jurisdiction depends or a short and plain statement of a claim showing that

1    plaintiff is entitled to relief.  In this regard, plaintiff's complaint simply asserts that this court has

2    jurisdiction over this action because plaintiff's "civil and constitutional rights have been

3    violated."  (ECF No. 1 at 4.)  Moreover, the allegations found in plaintiff's complaint fail to

4    identify the wrongful actions of any defendant or the date on which any wrongful activity

5    occurred.  Instead, the complaint simply alleges that "[t]hrough out the entire year of 2015"

6    plaintiff was stalked and harassed.  (Id. at 5.)  The complaint then proceeds to recite a series of

7    vague incidents in which something harmful happened to plaintiff, he contacted law enforcement,

8    and the wrongful party "was taken down."  (Id. at 6.)  The complaint also alleges that

9    "transmitters were put in [plaintiff's] leg, thigh and buttock."  (Id.)

10         Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

11    complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

12    state the elements of each claim plainly and succinctly.  FED. R. CIV. P. 8(a)(2); Jones v.

13    Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

14    and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

15    does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

16    enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,

17    557.  A plaintiff must allege with at least some degree of particularity overt acts which the

18    defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

19         Accordingly, in light of the deficiencies noted above, plaintiff's complaint will be

20    dismissed for failure to state a cognizable claim.  The undersigned has carefully considered

21    whether plaintiff may amend the complaint to state a claim upon which relief can be granted.

22    "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."

23    California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir.

24    1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293

25    (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have

26    to allow futile amendments).  However, when evaluating the failure to state a claim, the

27    complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the

28    plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"

1   Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S.

2   519, 521 (1972); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal

3   of a pro se complaint without leave to amend is proper only if it is absolutely clear that the

4   deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v.

5   Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

6       Here, the court cannot yet say that it appears beyond doubt that leave to amend would be

7   futile.  Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file

8   an amended complaint.  Plaintiff is cautioned, however, that if plaintiff elects to file an amended

9   complaint "the tenet that a court must accept as true all of the allegations contained in a complaint

10  is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,

11  supported by mere conclusory statements, do not suffice."  Ashcroft, 556 U.S. at 678.  "While

12  legal conclusions can provide the complaint's framework, they must be supported by factual

13  allegations."  Id. at 679.  Those facts must be sufficient to push the claims "across the line from

14  conceivable to plausible[.]"  Id. at 680 (quoting Twombly, 550 U.S. at 557).

15      Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an

16  amended complaint complete.  Local Rule 220 requires that any amended complaint be complete

17  in itself without reference to prior pleadings.  The amended complaint will supersede the original

18  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint,

19  just as if it were the initial complaint filed in the case, each defendant must be listed in the caption

20  and identified in the body of the complaint, and each claim and the involvement of each

21  defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file

22  must also include concise but complete factual allegations describing the conduct and events

23  which underlie plaintiff's claims.

24      Accordingly, IT IS HEREBY ORDERED that:

25          1.  The complaint filed February 24, 2016 (ECF No. 1) is dismissed with leave to

26  amend.[1]

27  _____

28  [1]  Plaintiff need not file another application to proceed in forma pauperis at this time unless
    plaintiff's financial condition has improved since the last such application was submitted.

2.  Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[2]  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

3.  Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated:  November 17, 2016

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/morrow0395.dism.lta.ord

---

[2]  Alternatively, if plaintiff no longer wishes to pursue this action he may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.